[Civ. No. 30621. Fourth Dist., Div. Three. Apr. 24, 1985.]

PATRICIA L. SMITH, Plaintiff and Appellant, v.
INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF
SOUTHERN CALIFORNIA, Defendant and Respondent.

COUNSEL

Lewis, D'Amato, Brisbois & Bisgaard, Robert F. Lewis and Robert Gaylord Smith for Appellant.

Gilbert, Kelly, Crowley & Jennett, James B. Crowley, Patrick A. Mesisca, Jr., and Peter J. Godfrey for Respondent.

OPINION

**CROSBY, J.—** ▉ May a personal injury plaintiff sue the estate of a deceased insured to establish the decedent's liability for the accident (Prob.

Code, § 721) and the decedent's insurer for unfair claims practices (Ins. Code, § 790.03, subd. (h)) in the same action? *No.*

I

On December 28, 1982, Patricia L. Smith was injured and her father, Gaylord Smith, killed when their vehicle collided with a truck. She petitioned the superior court to sue his estate for personal injuries pursuant to Probate Code section 721. That section provides in part, "(a) Notwithstanding any other provision of law, the presentation or filing of a claim shall not be required and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance. . . ."

The petition was approved, but when the complaint was filed it contained two causes of action: one against Smith's father's estate to establish his liability for the accident pursuant to Probate Code section 721 and a second against his carrier for violation of Insurance Code section 790.03, subdivision (a), bad faith insurance practices.[1] The insurer demurred on the basis Smith's action was premature because the insured's liability had yet to be established. (*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329].) The court sustained the demurrer without leave to amend, and Smith appeals from the judgment dismissing the second cause of action.

II

Smith concedes *Royal Globe* "prohibit[s] a suit simultaneously against an *insured* for negligence and against an insurance company for bad faith refusal to settle as required by" Insurance Code section 790.03, subdivision (h). She maintains the prohibition does not apply when the insured is deceased because suit pursuant to Probate Code section 721 is in reality an action against the insurer, not the insured. We find no statutory support for Smith's position or any public policy favoring her argument, and consequently affirm.

First, Smith claims Probate Code section 721 is a "direct action statute" which "permits a plaintiff to sue a wrongdoer's insurance company directly . . . ." Not so. Section 721 merely simplifies—and in many cases accelerates—recovery against a deceased tortfeasor: Probate is avoided, the dece-

---

[1]Smith's brief correctly notes a third party claimant's cause of action for bad faith insurance practices is based on subdivision (h), not subdivision (a) of Insurance Code section 790.03.

dent's liability is litigated without placing his or her estate at risk, and recovery is limited to the decedent's available insurance proceeds. (Prob. Code, § 721, subd. (a).) The section does not authorize the naming of the insurance company as a defendant, however. (Prob. Code, § 721, subd. (c).)

■ And, although the insurer is required to accept *service* of the complaint and defend on behalf of the estate or personal representative of the deceased insured, these obligations do not transform the insurer into the responsible *party*. (*Independent Bankers Trust Co.* v. *Superior Court* (1982) 138 Cal.App.3d 238, 242 [188 Cal.Rptr. 14]; *Eken* v. *Bosworth* (1977) 72 Cal.App.3d 248, 252 [139 Cal.Rptr. 834].) In other words, the liability remains the decedent's, not the insurer's. Section 721 merely limits the source and amount of funds available to satisfy the decedent's liability: "The . . . decedent . . . may be liable only to the extent of insurance coverage [and] the estate itself cannot be reduced by virtue of the action of any judgment." (*Id.*, at p. 252.)

■ Moreover, the rationale of *Royal Globe* in barring a suit against the insurer and insured in the same action applies whether the defendant is an individual or the estate or personal representative of a decedent: Evidence of the decedent's insurance coverage is inadmissible to establish liability (Evid. Code, § 1155). Thus, "[a] joint trial against the insured for negligence and against the insurer for violating its duties under subdivision (h) would obviously violate both the letter and spirit of [Evidence Code section 1155]." (*Royal Globe Ins. Co.* v. *Superior Court, supra,* 23 Cal.3d at p. 891, fn. omitted.) And, "unless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the injured party as a result of the insurer's violation of [Insurance Code section 790.03, subdivision (h)] may best be determined after the conclusion of the action by the third party claimant against the insured." (*Id.*, at p. 892.)

Smith's reliance on *Stewart* v. *Estate of Bohnert* (1980) 101 Cal.App.3d 978 [162 Cal.Rptr. 126] is inapt. There, the court determined as a matter of law no coverage existed for plaintiff's accident and entered summary judgment on behalf of the decedent's estate (not the carrier). Smith argues this result "has immense theoretical importance because it . . . is an implied recognition that Probate Code [section] 721 is a direct action statute against insurance companies . . . ." But resolution of coverage questions is specifically authorized in subdivision (d) of section 721: "The insurer may deny or otherwise contest its liability by cross-complaint in the action or by an independent action against the claimant . . . ." Section 721 merely permits

plaintiffs to avoid the time-consuming delays and procedural snarls of probate, but it does not provide them an expanded palette of privileges not available to those with a cause of action against a living individual.

Judgment affirmed. Respondent is entitled to costs on appeal.

Sonenshine, Acting P. J., and Wallin, J., concurred.