Filed 11/29/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| AMANDA MELESKI, | C080023 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV31995) |
| v. | |
| ESTATE OF ALBERT HOTLEN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Placer County, Mark S. Curry, Judge. Reversed with directions.

Arnold Law Firm, Anthony M. Ontiveros; and Leslie Mitchell for Plaintiff and Appellant.

Spinelli, Donald & Nott, Ross R. Nott and Alison W. Winter for Defendant and Respondent.

This case involves a procedure by which an insurance company, as the entity controlling the litigation and incurring the risk of loss, is a de facto party under Probate Code sections 550 through 555 in "an action to establish [a] decedent's liability for which

the decedent was protected by insurance" (Prob. Code, § 550),[1] and thus also is a party under Code of Civil Procedure[2] section 998 that must pay specified costs after rejecting a reasonable settlement offer.

Amanda Meleski was injured when Albert Hotlen ran a red light and collided with her vehicle. Unfortunately, Hotlen was deceased at the time of the lawsuit, and he had no estate from which she could recover. However, Hotlen had purchased a $100,000 insurance policy from Allstate Insurance Company (Allstate) covering the accident. Meleski brought her action pursuant to Probate Code sections 550 through 555, which allowed her to serve her complaint on Allstate and recover damages from the Allstate policy, but limited her recovery of damages to the policy limits.

Meleski attempted to settle the matter before going to trial by making an offer pursuant to section 998 for $99,999. The offer was not accepted, and at trial a jury awarded her $180,613.86. Because the offer was rejected and Meleski was awarded judgment in excess of her offer to compromise, she expected to recover her costs of suit, the postoffer costs of the services of expert witnesses, and other litigation costs.

Meleski argued that she should be able to recover costs in excess of the policy limits from Allstate, since it was Allstate that had refused to accept a reasonable settlement offer prior to trial. The trial court disagreed, and Meleski filed this appeal. She argues Allstate is a party within the meaning of section 998 for purposes of recovering costs, and that such costs are recoverable from the insurer despite the limitation on the recovery of "damages" found in Probate Code sections 550 through 555.

---

[1] Under this statutory scheme, the estate must be named as the defendant, but service is on the insurance company. (Prob. Code, § 552, subd. (a).) "A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against property in the estate." (Prob. Code, § 554, subd. (a).)

[2] Undesignated statutory references are to the Code of Civil Procedure.

" '[Costs] constitute no part of a judgment at the moment of its rendition . . . .' [Citations.]" (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677.)

We agree and shall reverse the judgment. Even though the decedent's estate is the named defendant in actions under Probate Code sections 550 through 555, this is a legal fiction. The insurance company accepts service of process, hires and pays for counsel to defend the action, makes all decisions regarding settlement of the litigation, is responsible for paying the judgment in favor of the plaintiff if such judgment is rendered, and makes the decision whether or not to appeal an adverse judgment. There is no actual person or entity other than the insurance company to do any of this. This is a reality we will not ignore. Moreover, we find it manifestly unfair that section 998 could be employed by Allstate to recover costs from the plaintiff (which costs it would have no obligation to pay to the estate), but Allstate would have no corresponding responsibility to pay costs merely because it is not a named party.

## FACTUAL AND PROCEDURAL BACKGROUND

Meleski suffered physical injuries in a vehicle collision with Albert Hotlen. When Meleski's attorney attempted to serve the summons and complaint on Hotlen, he was informed Hotlen had died. Hotlen was insured by Allstate at the time of the collision.

When Allstate refused to tender the policy limit of $100,000, Meleski amended the complaint to name the estate of Albert Hotlen as the defendant in the action. The parties agree this was done pursuant to Probate Code sections 550 through 555, which allow an action to establish a decedent's liability for which the decedent was covered by insurance to be continued against the estate without the need to join the decedent's personal representative or successor in interest. (Prob. Code, § 550, subd. (a).) Under this statutory scheme, the estate must be named as the defendant, but service is on the insurance company. (Prob. Code, § 552, subd. (a).) Any judgment in such an action does not adjudicate rights by or against the estate, unless the personal representative of the estate is joined as a party. (Prob. Code, § 553.) Also, unless the personal representative

3

is joined as a party, no damages may be recovered outside the policy limits. (Prob. Code, § 554, subd. (a).) A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against the estate. (*Ibid*.) In this case, Hotlen did not leave an estate.

Meleski sent an offer of compromise pursuant to section 998 for $99,999, which was one dollar less than the policy limits. The offer provided that each party would bear its own costs, interest, and attorney fees. The offer was served on Allstate. Allstate did not accept the offer. Instead, defendant sent its own section 998 offer of compromise for $40,000, with each side to bear its own costs and fees. Meleski did not accept the offer, and the matter went to trial.

The jury returned a verdict for Meleski and found her total damages to be $180,613.86. Judgment was entered in Meleski's favor in the amount of $180,613.86, plus interest and costs. Following the verdict, Meleski filed a memorandum of costs seeking to recover expert witness fees and other litigation costs pursuant to section 998. These amounts totaled $66,017.08. Defendant responded by arguing, in a motion to strike costs, or tax costs, that its liability was limited to the policy limits, pursuant to Probate Code section 550 et seq.

The trial court agreed with defendant that Meleski's recovery was limited to the policy limits of $100,000. Defendant also moved for a new trial for excessive damages. The trial court denied this, stating "there is no evidence the jury's verdict of damages was excessive or unreasonably high given the underlying facts of the case. Rather, judgment must be reduced, as a matter of law, under Probate Code section 554, because the judgment is enforceable only up [to] the maximum insurance coverage, in this case $100,000." The trial court found that whether Meleski was entitled to costs pursuant to section 998 was a moot point, since the judgment was limited to $100,000. In any event, the trial court found that section 998 was applicable to the case, and that the costs

4

submitted by Meleski were reasonable and appropriate, and that Meleski would have been entitled to the requested costs had there not been an insurance cap.

## DISCUSSION

Meleski argues Allstate was obligated to pay an award of costs under section 998, that Allstate was a party pursuant to Probate Code sections 550 through 555 and section 998, and that relieving insurers of the obligation to pay costs in this circumstance would conflict with the Legislature's intent in passing section 998. We agree.

Defendant argues Allstate cannot be forced by section 998 to pay costs because it was not a party to the action, and that in any event Probate Code sections 550 through 555 limit the amount a plaintiff can recover to the coverage limits of the decedent's policy. We address each of these claims in turn.

### I

### Allstate Is a Party for Purposes of Section 998

Section 998 provides in pertinent part that prior to commencement of trial, "*any party* may serve an offer in writing *upon any other party* to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b), italics added.) If the offer is not accepted within 30 days of being made, it is deemed withdrawn. (§ 998, subd. (b)(2).) "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment or award in any action or proceeding . . . the court . . . in its discretion, may require the defendant to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . , or during trial . . . , of the case by the plaintiff, in addition to plaintiff's costs." (§ 998, subd. (d).)

The purpose of section 998 is to encourage settlements. (*Santantonio v. Westinghouse Broadcasting Co*. (1994) 25 Cal.App.4th 102, 113.) The statute " 'achieves its aim by punishing a party who fails to accept a *reasonable* offer from the

5

other party.' (Original italics.) [Citation.]" (*Ibid*.) The policy behind section 998 is "plain." (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804.) "It is to encourage settlement by providing a strong financial disincentive to a party--whether it be a plaintiff or a defendant--who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.)" (*Ibid*.) The policy in favor of settlement "primarily is intended to reduce the burden on the limited resources of the trial courts. The trial of a lawsuit that should have been resolved through compromise and settlement uses court resources that should be reserved for the resolution of otherwise irreconcilable disputes." (*Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 390-391.)

Obviously, since the purpose of section 998 is to encourage settlement by punishing the refusal of a reasonable settlement offer, it is directed at the entity that (1) controls the litigation, and (2) will incur the risk of loss from section 998 if the gamble to force the other side to trial is not successful. Section 998 refers to this entity as the party because in nearly every circumstance, the party is the entity controlling the litigation and incurring the risk of loss. The case before us is different because of Probate Code sections 550 through 555.

Probate Code section 550, subdivision (a) provides that "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Probate Code section 552 provides that the named defendant in such an action shall be the decedent's estate, but summons shall be served on the insurer. The proceedings are conducted as if the action were against the personal representative of the estate; however, Probate Code

section 553 provides that unless the personal representative is joined as a party, a judgment does not adjudicate any rights against the estate.

Unless the personal representative is joined as a party or the plaintiff files a creditors' claim in probate, the damages sought in the action must be within the coverage limits of the policy, or recovery in excess of the limits is waived. (Prob. Code, § 554.) "A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against property in the estate." (Prob. Code, § 554, subd. (a).) Thus, by naming the estate as the defendant without joining the estate's personal representative or filing a creditors' claim with the estate, Meleski agreed to limit her recovery of damages against the estate to the policy limits.

Even though Hotlen's estate was the named defendant in the action, the estate was not really a party because it is not a legal entity. "The 'estate' of a decedent is not an entity known to the law. It is neither a natural nor an artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent . . . . [Citation.] In order for a civil action to be prosecuted, there must be some existing entity aimed at by the processes of the law, and against whom the court's judgment will operate." (*Tanner v. Estate of Best* (1940) 40 Cal.App.2d 442, 445.) In this case, Hotlen left no assets, so there was actually no "estate" for Meleski to sue. Although the attorney representing the defense in this case purported to represent the estate of Hotlen, the summons, complaint, and offer to compromise were all served on Allstate's agent for service of process. Allstate provided the defense to the estate. As there was no estate representative named, Allstate was in complete control of the litigation, and was the only litigant for the defense.

We consider Allstate a party for purposes of section 998 because, "[a] person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party." (Rest.2d Judgments, § 39.) Not only did Allstate have

7

complete control of the litigation of this matter, it also was the only entity opposing Meleski that risked losing money in the litigation. The named party, the estate, was not at risk for payment of damages, which were limited to the Allstate policy. (Prob. Code, § 554.) "Unless the personal representative is joined as a party, a judgment in the action under this chapter . . . does not adjudicate rights by or against the estate." (Prob. Code, § 553.) It is a legal fiction that the estate is the party. In actuality, Allstate is the party litigating the case, inasmuch as it alone is at risk of loss and it alone controls the litigation.

We disagree with defendant's statement that by holding Allstate accountable as a party, we would render the insurer liable for the insured's conduct beyond the contractual bargain between the insured and the insurer. Not so. By enforcing the terms of section 998 against Allstate, we are holding Allstate accountable for its own actions in failing to accept a reasonable settlement offer.

We are aware that *Smith v. Interinsurance Exchange* (1985) 167 Cal.App.3d 301, 304, held that the predecessor to Probate Code sections 550 through 555 (Prob. Code, § 721) did not make the insurer a responsible party to the action, despite the fact that it required the insurer to accept service of the complaint and defend on behalf of the estate. However, the particular question there was whether the plaintiff could sue the insurer for unfair claims practices and the estate to establish the decedent's liability in the same action. (*Smith,* at pp. 302-303.) The court held that trial against the insurer must be postponed until the liability of the insured is first determined. (*Id*. at p. 304.) The case was not concerned with section 998, the goal of which is to punish a litigating party for refusing to accept a reasonable settlement offer.

In this particular case, defendant would have us hold that no entity defending the matter had an obligation to pay costs pursuant to section 998 for failure to accept a reasonable settlement offer. The effect here was that Allstate could refuse a reasonable 998 settlement offer, forcing the matter to trial with no risk of liability for statutory costs

8

beyond the policy limits. On the other hand, defendant made its own 998 offer to compromise, and had the judgment been more favorable to defendant than the offer, Allstate would have been able to recover its litigation costs. Such asymmetry is contrary to section 998's language and purpose. (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1115.)

Defendant's position is completely contrary to the purpose of section 998. "Ordinarily, if the statutory language is clear and unambiguous, there is no need for judicial construction. [Citation.] Nonetheless, a court may determine whether the literal meaning of a statute comports with its purpose. [Citation.] We need not follow the plain meaning of a statute when to do so would 'frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results.' " (*California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340.) We conclude that a narrow reading of the term "party" under these circumstances to exclude Allstate would frustrate the manifest purpose of section 998 and lead to absurd results. Accordingly, Allstate is a party for the purpose of section 998.

II

Probate Code Section 554 Does Not Limit Recovery of Costs from Insurer

Probate Code section 554, subdivision (a) provides in pertinent part: "[E]ither the damages sought in an action under this chapter shall be within the limits and coverage of the insurance, or recovery of damages outside the limits or coverage of the insurance shall be waived. A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against property in the estate." Defendant argues this section means that the judgment is limited to the policy limits. We disagree.

Probate Code section 554 limits the amount of *damages* that can be recovered to the policy limits. It further provides that none of the judgment can be recovered *from the property of the estate*. It does not provide that a plaintiff may not recover costs in excess

9

of the policy limits from the insurer for failure to accept a reasonable offer of compromise.

Probate Code section 554 limits damages to the amount of the policy limit. But, costs are not damages. "It is established that the right to costs is statutory and that costs 'are allowed solely as an incident of the judgment given upon the issues in the action. [Citation.] . . . They constitute no part of a judgment at the moment of its rendition . . . .' [Citations.]" (*Folsom v. Butte County Assn. of Governments, supra,* 32 Cal.3d at p. 677.)

Costs recoverable under section 998 are set forth in section 1033.5. They include, inter alia, filing, motion, service, ordinary witness and jury fees. These costs are recoverable by a prevailing party "as a matter of right" unless "otherwise expressly provided by statute." (§ 1032, subd. (b).) "Thus, the requirements for recovery of costs and fees under section 998 must be read in conjunction with section 1032[, subdivision] (b), including the requirement that section 998 costs and fees are available to the prevailing party '[e]xcept as otherwise *expressly* provided by statute.' (§ 1032[, subd.] (b), italics added.)" (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 1000.) Probate Code sections 550 through 555 do not expressly provide that a prevailing plaintiff is not entitled to recover costs. In addition, section 998 provides the court may require a defendant who fails to obtain a more favorable judgment to pay postoffer costs of the services of expert witnesses. (§ 998, subd. (d).) Consequently, Meleski is entitled to these amounts in addition to damages as the plaintiff whose offer was not accepted by the opposition that failed to obtain a more favorable judgment. (§ 998, subd. (d).)

Citing Probate Code section 554, defendant argues that the judgment is enforceable only from the insurance policy. Thus, even if costs are not damages for purposes of Probate Code section 554, the "judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against property in the estate." (Prob. Code, § 554, subd. (a).)

The important qualification of Probate Code section 554, subdivision (a) is "and not against property in the estate." Evidently, Probate Code sections 550 through 555 are concerned with limiting the estate's liability to the policy of insurance, where a plaintiff chooses to bring a lawsuit under its provisions. The statute does not, however, limit the liability of the insurance company litigating the matter for its failure to accept a reasonable offer of compromise.

The Supreme Court has similarly held that Insurance Code section 11580.2, subdivision (p)(4), which provided that "the maximum liability of the insurer . . . shall not exceed the insured's . . . coverage limits" does not preclude an award of costs under section 998 in excess of the policy limits.[3] (*Pilimai v. Farmers Ins. Exchange Co.* (2006) 39 Cal.4th 133, 137.) There, the plaintiff's uninsured motorist coverage was $250,000, but the plaintiff, after making a section 998 offer for $85,000, received an award of damages in the amount of $556,972. (*Pilimai,* at p. 137.) The insured claimed he was entitled to recover his costs based on section 998 in addition to the coverage limit. (*Pilimai,* at pp. 137-138.) The Supreme Court agreed.

The court held that the Insurance Code section's " 'maximum liability' " provision did not expressly provide that the costs pursuant to section 998 were not recoverable. (*Pilimai v. Farmers Ins. Exchange Co., supra*, 39 Cal.4th at p. 144.) The court reasoned that the " 'maximum liability' " provision was intended to limit the insurer's liability arising out of the insured's ownership of a motor vehicle, but not to exempt the insurer from the obligation to pay costs arising out of its behavior as a litigant. (*Ibid*.) This reasoning applies to the facts before us. Even though the named defendant in this case is the estate, the litigant is undeniably Allstate, and Allstate is responsible for its own litigation tactics.

---

[3] Insurance Code section 11580.2 is an uninsured/underinsured motorist provision.

11

Allstate could have protected itself from liability for costs by accepting Meleski's reasonable offer. By requiring Allstate to pay the amounts specified under section 998, we are upholding the purpose of that section without offending the objective of Probate Code sections 550 through 555 to protect the estate from obligations in excess of the insurance policy limits.

Because the trial court found that Meleski was the prevailing party, that her total damage award exceeded her last offer to compromise, that she negotiated in good faith, and that the amount of costs she requested were reasonable and appropriate, we need not remand the matter to the trial court but will order the judgment modified.

## DISPOSITION

The order denying an award of costs from Allstate is reversed, and the judgment is modified to include an award of costs in the amount of $66,017.08 in addition to $100,000 in damages, consistent with the views expressed in this opinion. Meleski shall recover her costs on appeal from Allstate. (Cal. Rules of Court, rule 8.278 (a)(1), (2).)


/s/
Blease, Acting P. J.



We concur:



/s/
Robie, J.



/s/
Mauro, J.