Filed 5/17/22  Levin v. May CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSHUA LEVIN et al., <br><br> Plaintiffs and Respondents, <br> v. <br> DIANE MAY, as Trustee, etc., <br><br> Defendant and Appellant. | A161092, A162157 <br><br> (Alameda County Super. Ct. No. RG19034328) |

Plaintiffs Joshua and Deysia Levin rented a home owned by the Clara Jackson Living Trust (Trust) from 2013 until 2019.  After vacating the premises, plaintiffs sued Clara Jackson, individually and as trustee of the Trust, and Jackson's daughter, defendant Diane May, who assisted Jackson in managing the property.

Plaintiffs obtained a default judgment against Jackson, in her capacity as trustee, after Jackson's death.  Plaintiffs were granted summary judgment against May after she failed to respond to their discovery requests or file a written opposition to their summary judgment motion.  On October 2, 2020, May filed a notice of appeal from both the default judgment and the order granting summary judgment.  That same day, May also filed a motion seeking relief from the default judgment and summary judgment order on the

1

grounds of mistake or excusable neglect. (Code Civ. Proc., § 473, subd. (b).)[1] The trial court denied the motion on the ground that it lacked jurisdiction given the pending appeal.

In this consolidated appeal, we find that the trial court retained jurisdiction to consider the merits of the motion as to the summary judgment order, and dismiss the appeal so that it may also consider the merits of the motion as to the default judgment. We thus reverse the trial court's denial of May's motion for relief and remand for further proceedings consistent with this opinion.

## BACKGROUND

Jackson owned a residence located at 1540 Carleton Street in Berkeley, California. In 2003, Jackson transferred the residence to the Trust. In or around 2005, when she was 90 years old and in poor health, Jackson moved into her daughter Diane May's home. Jackson's "condition required around the clock, 24/7 care and attention." May served as Jackson's primary caregiver until Jackson died on June 5, 2020, at age 105.

### A. *The Lease*

In 2013, plaintiffs entered into a written agreement with May to lease 1540 Carleton Street for a two-year term. Plaintiffs provided a $2,500 security deposit and agreed to pay $1,650 per month in rent. Plaintiffs lived at 1540 Carleton Street from July 2013, until May 2019.[2]

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] Joshua Levin declared that he and his family were "compelled [to] surrender of the premises" because of "substantial habitability defects" such as water leaks and rodent and insect infestations. May contends that plaintiffs voluntarily vacated the rental because they purchased their own home.

May did not return plaintiffs' security deposit or provide plaintiffs with a written statement explaining the disposition of their security within 21 business days of plaintiffs vacating the property. (Civ. Code, § 1950.5, subd. (g)(1).)[3] Almost three months after plaintiffs moved out, May sent them a letter demanding that they pay her $2,350 over and above the retained security deposit[4] to account for "the cost of repairs outside of the normal wear and tear on the property." Plaintiffs' attorney responded by threatening to sue May unless she immediately returned the entire $2,500 security deposit.

May did not respond to plaintiffs' attorney's demand letter. Instead, she filed a small claims action against Joshua Levin on August 22, 2019, seeking damages of $2,400 "to bring property back to a rentable state." (*May v. Levin* (Super. Ct. Alameda County, 2019, No. RS19032301).) On November 6, 2019, May's claim against Levin was denied.[5]

---

[3] Civil Code section 1950.5, subdivision (g)(1) provides in pertinent part: "No later than 21 calendar days after the tenant has vacated the premises . . . the landlord shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant. . . ."

[4] May's letter erroneously states that plaintiffs' security deposit was $1,650 when it was actually $2,500.

[5] The parties devote much time and attention to the issue of whether the small claims judgment should be afforded res judicata effect in the case plaintiffs subsequently filed against May and Jackson. "It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381.) For the doctrine to apply, however, "[a] claim or issue raised in the present action [must be] identical to a claim or issue litigated in a prior proceeding." (*Brinton v. Bankers Pension Services* (1999) 76 Cal.App.4th 550, 556.) Having determined that we need not reach this issue to resolve the

## B. *Plaintiffs Sue May and Jackson*

On September 9, 2019, plaintiffs sued May, individually, and Jackson, individually and as trustee, alleging causes of action for premises liability; breach of contract; violation of Civil Code section 1942.5 (retaliatory eviction); nuisance; violation of Business and Professions Code section 17200 (unlawful business practices); and violation of Civil Code section 1950.5 (wrongful retention of security deposit). In connection with their cause of action for breach of contract, plaintiffs requested damages of $72,039.45, a sum which represented all of the rent they had paid for the four years preceding the filing of the complaint. Plaintiffs alleged that they were further entitled to "restitution and disgorgement of profits" in connection with their cause of action for unlawful business practices, statutory and punitive damages in connection with their causes of action for unlawful business practices and wrongful withholding of security deposit, and an award of attorney's fees.

On September 19, 2019, plaintiffs' attorney served the summons, complaint, and statement of damages (§§ 425.11, 425.115; Civ. Code, § 3294) on May, and Jackson, individually and as trustee, by leaving endorsed filed copies of these documents at May's residence with an adult female who identified herself as Jackson's niece[6] and thereafter mailing copies addressed to each defendant to May's address.[7] Plaintiffs' attorney served May with

---

appeal, we leave it to the trial court to determine what aspects of the small claims judgment, if any, should be afforded res judicata effect.

[6] The declaration of plaintiffs' attorney Timothy Rumberger filed on July 29, 2020, in support of "Plaintiffs' Prove-Up Application for Court Judgment After Default of Clara Jackson" describes service of process on May and Jackson. Proof of service of summons and complaint on mandatory Judicial Council form POS-010 is not included in the record on appeal.

[7] Section 415.20, subdivisions (a) and (b) authorize substitute service of process in lieu of personal service on a party. (*Hearn v. Howard* (2009)

4

interrogatories, requests for admissions, and requests for production of documents on the same date.

## C. *Default Judgment Against Jackson*

Jackson did not file a timely response to the complaint. May contends that Jackson was not competent to represent herself and she "did not know how to legally file an Answer for [her] mother." Plaintiffs requested entry of default against Jackson, individually and as trustee, on February 3, 2020. Plaintiffs' request for entry of default included a request for award of special damages totaling $141,539.45, consistent with the statement of damages served on September 19, 2019. The court entered the default of Jackson individually and as trustee on February 3, 2020.

On March 5, 2020, plaintiffs served Jackson with an amended statement of damages by mail. The amended statement of damages requested special damages, general damages, and statutory penalties totaling $209,960.14.

Jackson died on June 5, 2020. May did not immediately inform plaintiffs or the court of Jackson's death. No one asked the trial court to substitute a personal representative to represent Jackson's estate or a successor trustee to represent the Trust in this ongoing litigation.[8]

---

177 Cal.App.4th 1193, 1201–1202 (*Hearn*).) May did not challenge the method of service in the trial court. The offhand references to this issue in her opening brief are insufficient to preserve the issue for appeal.

[8] Because it was unclear from the record who had the authority to act on behalf of the Trust or Jackson's estate, we requested supplemental briefing on this point. May's attorney responded as follows: "Attorney Michael Sims was hired to represent [Jackson's] estate by Diane May, who was the successor trustee for the Clara Jackson Living Trust." Plaintiffs' attorney Tim Rumberger acknowledged that this question cannot be answered with certainty based on evidence in the record.

5

On July 29, 2020, plaintiffs filed an application for a court judgment against Jackson individually and as trustee. Plaintiffs sought an award of special damages ($147,500); general damages ($10,000); interest ($49,814.25); attorney's fees ($78,585); and costs ($1,454.30). On August 20, 2020, the court entered a default judgment against Jackson in her capacity as trustee only, omitting any mention of Jackson in her individual capacity. The trial court awarded plaintiffs $207,314.25 in "principal" and denied plaintiffs' request for award of attorney's fees, interest, and court costs.

### D. *Summary Judgment Against May*

May, who was then self-represented, filed an answer to the complaint on October 15, 2019. She failed, however, to respond to any of plaintiffs' discovery requests. On March 6, 2020, plaintiffs moved for an order deeming the requests for admissions admitted and requiring responses without objection to their interrogatories and requests for production of documents. The court granted plaintiffs' unopposed discovery motion on June 11, 2020.[9]

Plaintiffs also filed a motion for summary judgment against May on March 6, 2020. The summary judgment motion was initially noticed for hearing on June 11, 2020, the same date as plaintiffs' discovery motion, but was continued to July 30, 2020. Although May did not file a written opposition to the summary judgment motion, she appeared remotely via BlueJeans on July 30, 2020, to orally contest the motion. The court issued a

---

[9] On July 24, 2020, approximately three weeks after serving May with a copy of the discovery order, plaintiffs moved to hold May in contempt and/or for further discovery sanctions, including terminating sanctions, issue and/or evidence preclusion, and additional monetary sanctions, because she had allegedly failed to comply with the discovery order. Plaintiffs' motion for contempt and/or further discovery sanctions was denied on September 9, 2020.

6

written order granting summary judgment in favor of plaintiffs on August 4, 2020.

On August 5, 2020,[10] plaintiffs lodged a proposed judgment against May, which included damages of $209,960.14, attorney's fees of $78,585, and court costs of $1,454.30. The trial court signed a formal order granting summary judgment and awarding plaintiffs damages of $209,960.14 against May on August 20, 2020. May was served with the order granting summary judgment on August 28, 2020.

May filed a notice of appeal on October 2, 2020, which purported to appeal from (1) a "judgment after an order granting a summary judgment motion;" and (2) "default judgment entered against Clara Jackson."

### E. *May's Motion For Relief*

On October 1, 2020, May filed a motion for relief based on mistake or excusable neglect under section 473, subdivision (b). The "proposed memorandum of points and authorities" that accompanied the motion argues that (1) May has a good defense to plaintiffs' summary judgment motion, which she was unable to present due to mistake or excusable neglect; and (2) Jackson and the Trust have defenses to the default and to the default judgment, which Jackson, as the initial trustee, and May, as successor trustee, were unable to present due to mistake or excusable neglect.

Plaintiffs opposed the motion for relief on the following grounds: (1) the October 2, 2020 notice of appeal "deprives the trial court [*sic*] of all further jurisdiction to hear this motion as to either defendant"; (2) the trial court lacks jurisdiction to set aside the default judgment because Jackson's

---

[10] On August 5, 2020, plaintiffs also filed a motion for attorney's fees, apparently against May only, although the motion and proposed order are less than clear on this point. The disposition of plaintiffs' motion for attorney's fees is not noted in the record.

7

default was taken eight months before the motion for relief from default was filed; and (3) May failed to establish grounds for relief from the order granting summary judgment.

The parties argued the motion on October 29, 2020. The trial court construed the motion as having been filed on behalf of May, individually, to set aside the order granting summary judgment entered on August 28, 2020; and, May, as successor trustee, to set aside the default judgment entered on August 20, 2020, against Jackson, as trustee. On December 17, 2020, the court issued a written order denying the motion on the ground that the notice of appeal filed on October 2, 2020, divested it of jurisdiction to consider the merits of the motion.

On February 24, 2021, May's attorney filed a notice of appeal from the order denying relief on behalf of "Diane May and estate of Clara Jackson."

## DISCUSSION

Before turning to the merits of the parties' arguments on the motion for relief, we note that various failures to accurately identify the representation of defendants in this case created much confusion in the trial court and on appeal. On September 2, 2020, May filed Judicial Council form MC-050 to notify plaintiffs and the court that attorney Michael Sims was now May's attorney of record. The form does not mention Jackson, Jackson's estate, or the Trust, and thus did not put the trial court or plaintiffs on notice that Sims represented anyone other than May in her individual capacity. (§ 284 [attorney may appear for a previously self-represented party by filing MC-050 form]; § 285 [written notice of the substitution "must be given to the adverse party"].)

This form is not the only legal document on which Sims mis-identified his clients. The caption of the motion for relief described Sims as attorney for

8

"Diane May." Sims declared, consistent with the caption: "I agreed to take on representation of the Defendant in this case, Mrs. Diane May." Yet on the next page of his declaration, Sims declared that he represented "all named defendants." Both notices of appeal state that Sims represents May and "the estate of Clara Jackson."

May's response to our request for supplemental briefing clarified that May hired Sims to represent May in her individual capacity and as the successor trustee of the Clara Jackson Living Trust.[11] This supplemental briefing, however, did not definitively answer the question of whether Sims was also hired to represent the interests of Jackson's estate by appearing for May in her capacity as Jackson's personal representative or successor in interest.[12]

---

[11] A trustee is the real party in interest that has standing to defend on a trust's behalf. (Prob. Code, § 16011; *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1004 (*Grappo*).) Where, as in this case, the original trustee can no longer serve, the successor trustee named in the trust document, or if none, a successor appointed by the court, should be substituted to represent the interests of the trust in pending litigation. (Prob. Code, § 15660; *Hallinan v. Hearst* (1901) 133 Cal. 645, 649–650.)

[12] A decedent's estate is simply a way to describe the sum total of a decedent's assets and liabilities; an estate is not a legal entity which can be a party to litigation. (*Meleski v. Estate of Albert Hotlen* (2018) 29 Cal.App.5th 616, 624–625.) When a defendant in a pending action dies, the action may be prosecuted against "the decedent's personal representative or successor in interest." (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 956–957; § 377.41.)

Sim's purported appeal on behalf of "Clara Jackson" and/or "Clara Jackson's estate" is particularly puzzling given that plaintiffs did not employ the procedures set forth in section 377.41, and were rebuffed in their attempt to obtain a default judgment against Jackson that could have been satisfied from the assets in Jackson's estate.

9

While we do not condone the sloppy pleading practices employed in this case, we conclude that plaintiffs have waived any argument on these procedural improprieties by failing to raise objections in the trial court. "As a general rule, failure to raise a point in the trial court constitutes of waiver and [a party] is estopped to raise that objection on appeal." (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167 (*City of Berkeley*).)

Moreover, plaintiffs and the trial court appear to have accepted without question May's declaration that she is, in fact, the successor trustee. As successor trustee, May had standing to seek to set aside the default judgment entered against Jackson, the original trustee, after Jackson's death. (*Grappo, supra*, 11 Cal.App.5th at p. 1004.) Plaintiffs did not object in the trial court to May making arguments as successor trustee on the ground that May had not been substituted into the case as the successor trustee. Accordingly, we find that this issue has also been waived. (*City of Berkeley*, *supra*, 80 Cal.App.3d at p. 167.)

Finally, neither notice of appeal states that May, as successor trustee, is appealing the default judgment or the denial of relief from default as successor trustee. Both notices erroneously refer to the appeal having been filed on behalf of the "estate of Clara Jackson." Fortunately for May, the rule that a notice of appeal must be liberally construed in favor of its sufficiency resolves this issue. (Cal. Rules of Court, rule 8.100(a)(2).) The rule "applies to defects in the notice's designation of the parties to the appeal," including mis-describing a party or omitting a party from the notice entirely. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 885–886; *In re Estate of Strong* (1937) 10 Cal.2d 389, 390 [notice that erroneously designated plaintiff as executor of estate construed to have been brought in plaintiff's individual capacity].) Because the omission of May as successor trustee

10

and/or the mis-designation of Clara Jackson's estate as an appellant did not prejudice or mislead plaintiffs or appear to affect their preparation on appeal, we find the notice of appeal sufficient to allow May to challenge the trial court's denial of the motion for relief in her capacity as successor trustee.

## I. This Case Must Be Remanded For a Determination on the Merits of the Motion For Relief From Default Judgment and Summary Judgment Order

### A. *General Principles*

Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The party seeking relief pursuant to section 473, subdivision (b) bears the burden of proof in establishing a right to relief based on mistake or excusable neglect. (*Hearn, supra*, 177 Cal.App.4th at p. 1205.) " '[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of mistake, surprise, inadvertence, or neglect of his adversary.' " (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963.) " '[A] motion to vacate a default and set aside judgment (§ 473) "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal." ' " (*Hearn*, at p. 1200; *Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619–620.)

### B. *Motion as to Default Judgment Was Timely and Not Futile*

A motion seeking relief pursuant to section 473, subdivision (b) must be "made within a reasonable time, in no case exceeding six months, after the judgment dismissal, order, or proceeding was taken." May filed the motion seeking relief from the default and the default judgment on October 1, 2020.

11

Plaintiffs argue that the motion was untimely because it was filed more than six months after Jackson's default was taken on February 3, 2020.

We agree that, in so far as the motion for relief challenges the entry of default itself, such arguments are time-barred. But for purposes of seeking discretionary relief from default pursuant to section 473, subdivision (b), an entry of default and a subsequent default judgment are separate procedures. (*Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 970 (*Rutan*).) Here, as in *Rutan*, "[s]ince defendants' motion was made more than six months after the default was entered but within six months after the judgment, the court had jurisdiction under section 473 to grant relief from the judgment but not the default." May's motion as to the default judgment was timely.

We similarly reject plaintiffs' argument that allowing May to seek to set aside the default judgment would be futile because "the default would remain intact and permit immediate entry of another judgment giving the plaintiff the relief to which [the] complaint entitles [them]." (*Nemeth v. Trumbull* (1963) 220 Cal.App.2d 788, 791.) This argument ignores the cases that recognize a defendant may have grounds to attack a void or voidable default judgment which is unsupported by facts or the law. (*Rutan, supra,* 173 Cal.App.3d at p. 971 [examining whether deficiency judgment entered more than six months after entry of default should be set aside]; *Grappo, supra,* 11 Cal.App.5th at pp. 1012–1015 [discussing cases in which default judgment was not supported by the facts or the law].) Because the motion was timely as to the default judgment, section 473 affords May, as successor trustee, the right to ask the trial court to exercise its discretion to set aside the default judgment on the grounds of mistake or excusable neglect.

## C. *Trial Court Retained Jurisdiction on Motion as to Summary Judgment Order*[13]

May argues that the trial court erred in denying her motion for relief on the ground that it lacked jurisdiction as a result of her October 2, 2020 appeal. Because an appeal from a judgment ordinarily deprives the trial court of continuing jurisdiction (§ 916; *Sacks v. Superior Court* (1948) 31 Cal.2d 537, 540), we find that the trial court's conclusion was correct as to the default judgment.

May's motion, however, also sought relief from the order granting summary judgment. An order granting a summary judgment motion is a non-appealable order. (*Tong v. Jocson* (1977) 76 Cal.App.3d 603, 604.) "The trial court is not divested of jurisdiction by an appeal from a nonappealable order." (*Davis Taliaferro* (1963) 218 Cal.App.2d 120, 124; see also, *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1409, fn. 4.) We thus conclude that the trial court retained jurisdiction on October 29, 2020, to consider the merits of May's motion for relief from the order granting summary judgment.

## D. *Trial Court Must Exercise Its Discretion To Grant or Deny the Motion For Relief*

There is no indication in the record that the trial court considered the merits of May's motion to set aside the summary judgment order or to set aside the default judgment. A "failure to exercise discretion is 'itself an abuse of discretion.' " (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 97; *In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515.) " 'Failure to exercise a discretion conferred and compelled by law constitutes

---

[13] While May's notices of appeal identify both the denial of her motion for relief, as well as the underlying summary judgment order, her arguments made in briefing are limited only to the motion for relief and our analysis follows accordingly.

13

a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal.' " (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 392.) Here, the trial court's failure to exercise its discretion to decide the merits of May's motion for relief from the summary judgement order requires reversal. At the time of remand, with no appeal pending, the trial court will also have the ability to exercise its discretion to decide the merits of May's motion for relief from the default judgment.

Plaintiffs urge this court to affirm the trial court's denial of the motion in its entirety on the ground that "even a 'substantial' error will be deemed harmless (not cause for reversal) if the record demonstrates that the judgment is supported on alternate grounds." We decline to do so.

"If the record clearly shows that the court failed to exercise its discretion, as here, we can neither defer to an exercise of discretion that never occurred nor substitute our discretion for that of the trial court." (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 768.) "[W]e can affirm the ruling based on a discretionary ground that the court did not rely on only if the record compels the conclusion that any other decision would be an abuse of discretion and that no additional evidence relevant to the decision could be presented on remand." (*Id.* at p. 768.) Here, as indicated above, there is no indication in the record that the trial court exercised any discretion and such failure requires reversal. (*Fletcher v. Superior Court*, *supra*, 100 Cal.App.4th at p. 392.)

## DISPOSITION

The order denying the October 2, 2020 motion for relief is reversed, and the matter is remanded so that the trial court may exercise its discretion to decide the merits of the motion.

14

As this issue is dispositive, May's appeal from the order granting summary judgment and the default judgment in case No. A161092 is dismissed without prejudice.[14]

---

[14] Because the trial court entered the default judgment against Jackson in her capacity as trustee only, and denied plaintiffs' request to enter a default judgment against Jackson in her individual capacity, we take no position whether compliance with section 377.41 will be required on remand.

_____
Mayfield, J.*

We concur:

_____
Richman, Acting P.J.

_____
Stewart, J.

*Levin et al. v. May, as Trustee, etc.* (A161092, A162157)


\*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.