Filed 10/27/22

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| ANA ISABELLA TRUJILLO, | B314042 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV08109) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge. Affirmed.

Law Offices of Vahdat & Associates, G. Amy Vahdat, and Kevin M. Davis for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Scott Marcus, Assistant City Attorney, Blithe S. Bock, Managing Assistant City Attorney,

1

and Michael M. Walsh, Deputy City Attorney, for Defendant and Respondent.

* * * * * *

A defendant sued for negligence moves for summary judgment and makes a settlement offer pursuant to Code of Civil Procedure section 998[1] (a 998 offer) days before the hearing on its summary judgment motion. Mere minutes after the trial court orally grants summary judgment, the plaintiff zips off an email to the defendant purporting to accept the 998 offer. This scenario presents the following question: Does a 998 offer automatically expire when a trial court orally grants the offeror's summary judgment motion? We hold that that answer is "yes." Because the trial court came to the same conclusion, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.      Facts

Around 11 p.m. on a Sunday night in July 2018, Ana Isabella Trujillo (plaintiff) decided to go for a jog with her sister. She took a route she had run over 100 times before. This time, however, she tripped on an uneven sidewalk in front of a house on Pickford Street in the City of Los Angeles (the City). The seam between two sidewalk squares where she tripped was offset between .75 and 1.0625 inches. Plaintiff fell and sustained injuries.

The City had not received any complaints or requests for repair for this stretch of sidewalk.

---

1      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

## II. Procedural Background

### A. *Plaintiff sues*

In March 2019, plaintiff sued the City for its negligence in maintaining the City-owned sidewalk in a dangerous condition.[2]

### B. *City moves for summary judgment*

In September 2020, the City moved for summary judgment on the ground that the sidewalk was not a "dangerous condition" because the differential in elevation between the two sidewalk squares was trivial—and hence, not "dangerous"—as a matter of law.

After a full round of briefing, the trial court set a hearing for March 2, 2021, at 2:30 p.m. Although the hearing was not transcribed, the trial court concluded the hearing by orally granting the City's motion for summary judgment. The hearing ended at approximately 3:18 p.m. "Upon conclusion of the oral argument," the court issued a minute order memorializing its oral ruling.

### C. *The City's 998 offer*

A few days before the March 2, 2021 hearing on its summary judgment motion, the City had sent plaintiff a 998 offer to settle the case for $30,000.

At 3:22 p.m. on March 2, 2021, just four minutes after the summary judgment hearing concluded, plaintiff's counsel sent the City an email purporting to accept the City's 998 offer. Seven minutes after that—at 3:29 p.m.—plaintiff filed the executed 998 offer with the court.

---

[2] Plaintiff also named the County of Los Angeles as a defendant, but the record on appeal is unclear as to what occurred with respect to that party.

3

On March 3, 2021, the City objected to plaintiff's attempt to accept its 998 offer after the trial court had ruled on its summary judgment motion. The next day, plaintiff filed a written reply to the City's objection.

**D.     *Entry of judgment***

On May 7, 2021, the trial court entered judgment for the City, implicitly ruling that plaintiff's acceptance of the City's 998 offer was inoperative.

**E.     *Litigation regarding validity of plaintiff's postruling acceptance of the 998 offer***

1.     *Plaintiff's motion to compel*

On May 10, 2021, plaintiff filed a motion to compel the trial court to enter judgment in accordance with the terms of the 998 offer plaintiff purported to accept. Following a full round of briefing, the trial court held a hearing on June 4, 2021. The court denied the motion. The court explained that it had orally "issued a ruling granting [the City's] [m]otion for [s]ummary [j]udgment on the merits," that its oral ruling "reflect[ed] a determination . . . that [plaintiff's] action . . . has no merit," and that the ruling accordingly "terminated [p]laintiff's power to accept [the City's] [o]ffer," such that plaintiff's "purported acceptance of the [998 o]ffer did not form a valid compromise agreement."

2.     *Plaintiff's motion for reconsideration*

On May 24, 2021, and while simultaneously litigating her motion to compel, plaintiff filed a motion for reconsideration of the trial court's entry of its May 7, 2021 judgment. Following yet another full round of briefing, and yet another hearing, the trial court denied the motion on the ground that plaintiff's motion did not satisfy the prerequisites for a motion for reconsideration because it was merely a "reiteration of [plaintiff's] original motion

4

[to compel]" and did not raise "any new or different facts, circumstances, or law."

### F. *Appeal*

On July 8, 2021, plaintiff filed a timely notice of appeal of the May 7, 2021 judgment.

## DISCUSSION

Section 998 is a statutory mechanism meant to "encourage both the making and the acceptance of reasonable settlement offers" "prior to trial." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1114; *Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804.) It does so by creating "a strong financial disincentive to a party—whether plaintiff or defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer." (*Bank of San Pedro*, at p. 804.) Specifically, section 998 authorizes the parties in a civil lawsuit—whether plaintiff or defendant—to make a written offer of settlement 10 or more days "prior to commencement of trial or arbitration" of their "dispute." (§ 998, subd. (b).) Such an offer expires "30 days after it is made." (*Id.*, subd. (b)(2).) If the offer is accepted within this time window and "prior to trial or arbitration," the trial court must "enter judgment" consistent with the offer. (*Id.*, subd. (b)(1) & (2).) If the 998 offer is made *by the defendant* and the plaintiff "fails to obtain a more favorable judgment" than contained in the 998 offer, then the plaintiff suffers a penalty—namely, the plaintiff cannot collect any of her own postoffer costs *and* must pay the defendant's postoffer costs, and these amounts reduce the amount of any verdict in the plaintiff's favor. (§ 998, subds. (c)(1) & (f).) If the 998 offer is made *by the plaintiff* and the defendant "fails to obtain a more favorable judgment or award," then the defendant suffers a

5

penalty, namely, the defendant has to pay the plaintiff's postoffer costs and has to pay the "postoffer costs of the services of [the plaintiff's] expert witnesses." (§ 998, subd. (d).)

In arguing that the trial court erred in refusing to acknowledge plaintiff's acceptance of the City's less-than-30-day-old 998 offer, this appeal presents the following question: When, if at all, does a trial court's grant of summary judgment cause a party's outstanding 998 offer to expire? The parties have offered up a veritable smorgasbord of possible answers, including (1) when the summary judgment hearing commences, (2) when the court orally rules, (3) when the court memorializes its oral ruling in a minute order, (4) when the court enters judgment, or (5) never, at least as long as 30 days have not expired after the 998 offer is made. Because ascertaining the correct answer turns on questions of statutory interpretation, we confront the issue de novo. (*Lopez v. Ledesma* (2022) 12 Cal.5th 848, 857.)

We conclude that a still-pending 998 offer expires when a trial court orally grants summary judgment.

Two considerations inform our analysis.

First, we look to section 998's *text*, which is the "'most reliable indicator'" of our Legislature's intent when enacting section 998. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) The text of section 998 provides that a 998 offer may be made "prior to commencement of [(1)] trial or [(2)] arbitration . . . *of a dispute to be resolved* by arbitration." (§ 998, subd. (b), italics added.) Because the sole purpose of trial is also to resolve disputes (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843), a section 998 offer may only be made when there exists a dispute to be resolved. As our Supreme Court has said time and again, a grant of summary judgment resolves all the disputes in a case.

(*Blair v. Pitchess* (1971) 5 Cal.3d 258, 284 ["The purpose of summary judgment is to determine whether or not a genuine factual controversy exists between the litigants and if not, to resolve their dispute without a full-scale trial . . . ."], superseded by statute on other grounds as described in *Simms v. NPCK Enterprises, Inc.* (2003) 109 Cal.App.4th 233, 242-243; *Aguilar*, at p. 843 ["The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether . . . trial is in fact necessary to resolve their dispute."].) Indeed, that is why the grant of summary judgment is entitled to preclusive effect in future litigation. (Cf. *Schulze v. Schulze* (1953) 121 Cal.App.2d 75, 83 [denial is not preclusive].)

Second, we look to the *purpose* animating section 998, which also guides our interpretation of the statute. (*Selga v. ASICS America Corp.* (2022) 12 Cal.5th 651, 662.) As noted above, the purpose of section 998 is to encourage the early settlement of disputes. Settlement is the means by which parties can achieve the certainty of a known outcome and simultaneously eliminate the uncertainty that inheres in litigation. (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667 [""Compromise" . . . reflects the settling parties' temporal resolution of the risks of suit between them.'"]; see *Blue Ridge Ins. Co. v. Jacobsen* (2001) 25 Cal.4th 489, 503 [noting that settlement occurs when outcomes are "uncertain"].) If a party has the option of accepting a settlement offer *even after* a court has resolved the dispute the litigation presents, then that party has no incentive whatsoever to accept that offer *before* the court does so; a rational party given that option would simply "wait and see" how the court rules: If it prevails, it can still accept the offer

7

on its still-live claims; and, if it loses, it can accept the offer as a way to resurrect its defunct claims. Giving parties this option would not only fail to encourage early settlement, it would *actively discourage* early settlement and would thus be wholly antithetical to the very purpose animating section 998. We must not construe section 998 to sanction such an absurd result. (*Meleski v. Estate of Holden* (2018) 29 Cal.App.5th 616, 626 [rejecting interpretation of section 998 that "lead[s] to absurd results."].)

Because a dispute is resolved and the outcome of the litigation becomes certain and known once a trial court issues its oral ruling granting summary judgment, that is the point in time at which both the text and purpose of section 998 dictate that any pending section 998 offer is no longer operative.

We reject the other points in time proffered by the parties.

Plaintiff urges that a party may accept a less-than-30-day-old section 998 offer up until the point at which the court enters judgment and, indeed, even *after* the court enters judgment. The law is to the contrary. The statute defining summary judgment provides that a grant of summary judgment is effectuated "by written or oral order"; entry of judgment is not required. (§ 437c, subd. (g); *In re Steiner* (1955) 134 Cal.App.2d 391, 398; accord, *Gardenswartz v. Equitable Life Assurance Soc.* (1937) 23 Cal.App.2d Supp. 745, 754.) What is more, a rule allowing the losing party to accept a pending 998 offer *after* the trial court has granted summary judgment against it—just because the court has yet to enter judgment (or even after)—would, as noted above, encourage parties to "wait and see" how the court rules and *then* to accept or reject the offer depending on the court's ruling; we decline to construe section 998 to empower such gameplaying.

8

(*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1021 [section 998 must not be interpreted to "encourage gamesmanship"] (*Martinez*).)

The City urges that a party loses the right to accept a 998 offer once a summary judgment hearing commences, invoking by analogy the statutory provision that 998 offers expire at the "commencement of trial or arbitration." (§ 998, subd. (b)(2) & (3).) The analogy does not hold. To begin, summary judgment is not a substitute for trial. (*Walsh v. Walsh* (1941) 18 Cal.2d 439, 444; *Cone v. Union Oil Co.* (1954) 129 Cal.App.2d 558, 562.) More to the point, section 998's language that a 998 offer expires at the commencement of a trial makes sense—even if the outcome of the trial is not yet known—due to the commitment of judicial resources a trial entails. Summary judgment hearings do not entail such a commitment of resources; thus, a 998 offer remains valid after such a hearing commences until the trial court orally issues a ruling.

The last proffered point in time is the issuance of a minute order that memorializes the trial court's oral summary judgment ruling. To be sure, the case law regarding whether a trial court's oral ruling is "effective" as a general matter seems to be divided, with some cases indicating oral rulings are sufficient for some purposes and others indicating a minute order is required. (Compare *Brown v. Superior Court* (1925) 70 Cal.App. 732, 735 [court ruling "complete when it is pronounced by the court"]; accord, *People v. Mesa* (1975) 14 Cal.3d 466, 471 [oral pronouncement controls over written minutes] with *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170 ["oral ruling on a motion does not become effective until it is . . . entered in the minutes"]; *Pacific Home v. County of Los Angeles* (1953) 41 Cal.2d

9

855, 857 [same, as to order ruling on a motion for new trial].) But this split is not controlling here. The summary judgment statute allows for a grant of summary judgment to be made "by written *or oral order*" (§ 437c, subd. (g)), which suggests a trial court's oral ruling in this context is effective. What is more, there is inevitably a gap in time between the trial court's oral ruling and the ministerial and clerical task of entering the minute order that reduces that oral ruling to writing; if, as plaintiff urges, we were to construe section 998 to allow a party to accept a pending 998 offer during that window, we would be undermining section 998's purpose and empowering gameplaying for the reasons explained above. Construing section 998 in this manner would also be sure to create uncertainty because trial courts do not typically timestamp their minute orders, allowing parties to do precisely what plaintiff did in this case—that is, to claim to have accepted the City's 998 offer in the uncertain and usually unknowable gap of time between the court's oral ruling and the entry of the minute order. Our Supreme Court has urged courts not to construe section 998 in a way that would "spawn disputes over [its] operation." (*Martinez*, *supra*, 56 Cal.4th at p. 1021.)

The trial court properly concluded that the City's 998 offer expired by the time plaintiff purported to accept it. Like any other contractual offer, a 998 offer is not accepted until that acceptance is communicated to the offeror. (*Bias v. Wright* (2002) 103 Cal.App.4th 811, 818 [so holding]; *Gray v. Stewart* (2002) 97 Cal.App.4th 1394, 1397 [so holding]; see generally, Civ. Code, § 1565; *Hofer v. Young* (1995) 38 Cal.App.4th 52, 56 ["It is . . . hornbook law that an acceptance of an offer must be communicated to the offeror to become effective"].) The trial court here implicitly found that plaintiff did not communicate her

10

acceptance of the City's 998 offer until *after* the court had orally granted the City's summary judgment motion. Although plaintiff's counsel at some points suggested that he communicated his acceptance *before* the trial court orally ruled (by indicating that he "filed and served" plaintiff's "acceptance" of the 998 offer "[a]s the [summary judgment] hearing . . . was concluding," substantial evidence supports the trial court's factual finding that plaintiff did not communicate her acceptance until *after* the oral ruling because the record elsewhere indicates that all plaintiff's counsel did during the hearing was instruct his paralegal to file and serve the 998 offer, because the hearing ended at 3:18 p.m., and because the email communicating plaintiff's acceptance was sent to the City at 3:22 p.m. (*In re Caden C.* (2021) 11 Cal.5th 614, 630 ["factual determinations [are] properly reviewed for substantial evidence"].) Because plaintiff did not communicate her acceptance of the City's 998 offer until after the trial court orally granted summary judgment to the City, the acceptance was not effective as there was no longer any operative 998 offer to accept.

Plaintiff resists this conclusion with two further arguments. First, she urges that this case is governed by *Guzman v. Visalia Community Bank* (1999) 71 Cal.App.4th 1370. She is wrong. That case held that a 998 offer is not rendered inoperative by a trial court's prehearing issuance of a *tentative* ruling granting summary judgment. (*Id.* at p. 1378.) This case addresses a different issue—namely, the effect of the trial court's *final* ruling granting summary judgment. Because a tentative ruling is necessarily "tentative" rather than final (e.g., *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300), it is inappropriate to equate the two.

11

Plaintiff steadfastly maintains that the trial court's ruling at the end of the summary judgment hearing *was* a tentative ruling, but that is simply incorrect.  Second, plaintiff urges that the text of section 998 expressly recognizes only two situations in which a 998 offer expires—namely, (1) after 30 days and (2) after the commencement of trial—and that this is an exclusive list to which a third situation (namely, after the grant of summary judgment) cannot be added.  (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 ["The expression of some things in a statute necessarily means the exclusion of other things not expressed"].)  This argument ignores that the text of section 998 expressly requires that an offer be extended while there is a "dispute" to be "resolved"—a condition that no longer exists once summary judgment is granted.  Thus, the principle we recognize *is* part of section 998's text.

## DISPOSITION

The judgment is affirmed.  The City is entitled to its costs on appeal.

## CERTIFIED FOR PUBLICATION.

_____, J.

HOFFSTADT

We concur:


_____, P. J.

LUI

_____, J.
CHAVEZ